## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

CLYDE PIGGIE,                          )
                                       )
                    Petitioner,        )
v.                                     )          No. 1:07-cv-1140-SEB-JMS
                                       )
STANLEY KNIGHT,                        )
                                       )
                    Respondent.        )

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Clyde Piggie ("Piggie") for a writ of habeas corpus must be **denied** and this action is **dismissed with prejudice.**

### Background

The pleadings and the expanded record in this action establish the following:

1.      Piggie is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 07-06-0054, wherein he was found guilty of having violated prison rules of conduct through his refusal to submit to a test to determine the presence of a controlled substance or alcohol as ordered by staff.

2.      A conduct report was issued reciting that on the morning of June 5, 2007, Piggie refused to submit to a test to determine the presence of a controlled substance or alcohol as ordered by staff, including failing to provide an adequate or unadulterated specimen for testing purposes. This report was issued after Piggie, who had been scheduled for a follow-up drug test, was found in possession of a small white bottle attached by a rubber band to his undershorts. The officer terminated the testing process and sent Piggie back to his housing unit.

3.      After being supplied with a copy of the written charge and notified of his procedural rights, at a hearing conducted on June 22, 2007. Piggie was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good time, his administrative appeals were rejected, and this action followed.

## Piggie's Claims

Contending that the proceeding described above is tainted by constitutional error, Piggie seeks a writ of habeas corpus. His specific contentions are that: (1) he was denied exculpatory evidence; (2) he was denied an adequate opportunity to prepare his defense; (3) there was insufficient evidence to support his conviction on the offense charged; and (4) the respondent failed to approve the sanction imposed.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Piggie was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985). Also, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. Piggie could overcome this procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under *Wolff* and *Hill,* Piggie received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Piggie was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Piggie's claims otherwise are unavailing here.

● Piggie complains that he was denied exculpatory evidence, but the expanded record shows this is not the case. Specifically, the expanded record shows that (1) the witness statements he requested were obtained and considered, and (2) none of the other tests, samples, or reports he requested existed. Further, he was not mislead in any fashion concerning the sequence of events which prison authorities could have found relative to the charge.

● Piggie contends that he was denied an adequate opportunity to prepare his defense. The record shows that Piggie was notified of the charge and of his procedural rights on June 7, 2007, and that the hearing, as noted, occurred 15 days later on June 22, 2007. Although the hearing had been scheduled for June 25, 2007, and was moved forward three days, Piggie had ample notice by any measure, including that established by *Wolff,* and has not shown prejudice by the timing of the hearing in any event. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

● Piggie complains that there was insufficient evidence to support the conduct board's decision. As established in *Hill*, the constitutional standard for sufficient evidence in a proceeding such as Piggie challenges here is that the conduct board's decision be supported by "some evidence." This standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The evidence recited above was sufficient to support a reasonable adjudicator's finding that he was guilty of the infraction charged. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The conduct report recites in plain English that Piggie was brought to a drug re-testing site, which would require him to produce a urine specimen, and that he had a small bottle of clipper oil with him. A reasonable adjudicator could have inferred that Piggie had brought the bottle of oil to the site in order to adulterate the urine sample which was expected of him and thereby violated the prison rule. Piggie's challenge to the sufficiency of the evidence does not warrant to issuance of federal habeas relief.

● Piggie's final claim is that he is entitle to a writ of habeas corpus because the respondent (the Superintendent of the prison where Piggie is confined) did not approve the sanctions. Piggie committed procedural default with respect to this claim by not properly presenting and preserving the claim in the course of his administrative appeal. He has not shown the existence of circumstances permitting him to overcome the consequences of this default. Even if the court concluded otherwise, the record shows that the respondent or his designee approved the sanctions four days after the hearing was conducted, and nothing more is required.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Piggie to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date:   02/12/2008

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana